UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


JUAN CARLOS ALFONSO GONZALEZ,

    *Petitioner,*

v.                                Case No.: 3:26-cv-183-JEP-SJH

WARDEN, BAKER COUNTY
DETENTION CENTER, et al.,

    *Respondents.*

_____/

## ORDER

Petitioner Juan Carlos Alfonso Gonzalez, an immigration detainee at Baker Correctional Institute, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241 and supporting memorandum of law on January 30, 2026. (Docs. 1, 2). He alleges that he is a citizen of Cuba; he entered the United States on March 24, 2008; he was ordered removed on August 1, 2017; and he complied with all requirements and reported as directed, but United States Immigration and Customs Enforcement detained him on September 3, 2025, during a regularly scheduled check-in. (Doc. 1 at 4; Doc. 2 at 1). Petitioner argues that his prolonged detention violates the Fifth Amendment's Due Process Clause as the Supreme Court construed it in *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Doc. 1 at 6; Doc. 2 at 1-2). He asks the Court to order his immediate release. (Doc. 1 at 7).

On March 5, 2026, Respondent Warden of the Baker County Detention Center filed a motion to dismiss, arguing that he is not a proper respondent. (Doc. 8). On March 11, 2026, the U.S. Attorney General filed a response to petition for writ of habeas corpus, arguing that the Court should dismiss the petition as premature because Petitioner's detention had not exceeded 180 days when he filed the petition. (Doc. 9).

Upon review of the parties' filings, the Court finds that waiting for Petitioner to file a reply is unnecessary, because the petition is due to be dismissed as premature.

The Supreme Court in *Zadvydas* held that indefinite detention of aliens after a final order of removal raises serious constitutional concerns. 533 U.S. at 690–99. Once an order of removal is final, the government may continue to detain an alien only for a reasonable amount of time. *See id.* at 699–701. The reasonableness of the detention is to be measured "primarily in terms of the statute's basic purpose, namely, assuring the alien's presence *at the moment of removal.*" *Id.* at 699 (emphasis added). The Supreme Court held that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. *Id.* at 700–01. "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period [from section 1231(a)(1)(A)] plus 90 days thereafter." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 1052 (quoting *Zadvydas*, 533 U.S. at 701). Thus, "in order to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If an alien makes these showings, then the burden shifts to the government to rebut the presumption with sufficient evidence establishing that there is "a significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Notably, *Zadvydas* claims asserted prior to the presumptively reasonable six-month period are deemed unripe and subject to dismissal without prejudice. *See Akinwale*, 287 F.3d at 1052; *see also Ramos Alvarez v. U.S. Immigr. & Customs Enf't*, No. 3:25-cv-1038, 2025 WL 2591830, at *1 (M.D. Fla. Sept. 8, 2025).

Petitioner filed this case on January 30, 2026, which is approximately four months and twenty-seven days since the start of his current detention on

3

September 3, 2025.[1] Therefore, Petitioner's *Zadvydas* claim is not ripe and will be dismissed without prejudice.[2]

Accordingly, it is **ORDERED**:

1. Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

2. Respondent Warden, Baker County Detention Center's motion to dismiss (Doc. 8) is **DENIED as moot**.

2. The Clerk is **DIRECTED** to terminate any motions, dismiss the Petition without prejudice, and close the file.

3. The Clerk shall send Petitioner a blank § 2241 habeas petition form.

**DONE AND ORDERED** in Jacksonville, Florida on March 13, 2026.

_____
JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

---

[1] Petitioner does not allege that he was previously detained in ICE custody following his order of removal. Regardless, this Court believes that aggregating any past period of detention is not appropriate. The purpose of detention is to "assur[e] the alien's presence *at the moment of removal.*" *Zadvydas*, 533 U.S. at 699 (emphasis added). To rule otherwise would grant a permanent "get-out-of-jail-free" card to Petitioner or any other detainee who has been held for more than six months at any time in the past. *See Meskini v. Att'y Gen. of United States*, No. 4:14-CV-42-CDL, 2018 WL 1321576, at *3 (M.D. Ga. Mar. 14, 2018). Moreover, "adjudicating the constitutionality of every re-detention would obstruct an area that is in the discretion of the Attorney General—effectuating removals." *Barrios v. Ripa*, No. 1:25-CV-22644, 2025 WL 2280485, at *8 (S.D. Fla. Aug. 8, 2025).

[2] Because the *Zadvydas* claim is not ripe, this Court need not inquire at this time into whether there is a significant likelihood of removal in the reasonably foreseeable future.

c:
Juan Carlos Alfonso Gonzalez, #A099943504
Counsel of Record